## DANIEL VERDER'S EX. *v.* HERBERT L. VERDER.

*When endorser of overdue demand note is liable.   Note on demand with interest annually due when given.*

1.   The endorsee of an overdue promissory note payable on demand must prove demand and notice within sixty days from the time of the endorsement to him in order to charge his endorser.
2.   The addition of the phrase " with interest annually," does not vary the time of payment of a note payable on demand.

General assumpsit for the amount of a promissory note. Plea, the general issue.   Trial by court at the September Term, 1889, Rutland County, Powers, J., presiding.   Judgment *pro forma* for the plaintiff.   The defendant excepts.

The case appears in the opinion.

*F. G. Swinington*, for the defendant.

The plaintiff must show demand and notice to charge his endorser, although the note was overdue when the endorsement and transfer were made.

*Colt* v. *Barnard*, 18 Pick. 260; *Nash* v. *Harrington*, 2 Aik. 9; *Dan. Neg. Inst.* §§ 611, 724, 724a, and cases cited in notes; 996; *Rand. Com. Paper*, § 1251; *Lockwood* v. *Crawford*, 18 Conn. 361; *Rice* v. *Wesson*, 2 Met. 400.

*J. C. Baker*, for plaintiff.

This note was payable with interest annually.   This conclu-

sively shows that the parties did not expect that it would be paid on demand.

The opinion of the court was delivered by

ROSS, J. This action is assumpsit upon a promissory note, payable to the order of the defendant, on demand, with interest annually, and endorsed, overdue, by him to the plaintiff's testator. No demand of payment of the makers, and notice of non-payment to the defendant were shown, although much more than the time limited by statute, for making demand of payment upon notes payable on demand had elapsed. It is elementary that, upon valid promissory notes, such demand and notice, unless waived, are necessary to fix the liability of an endorser. By the law merchant such demand must be made, and notice given, within a reasonable time,—determined by the residence of the several parties to the note,—after the note falls due. A note payable on demand, may be demanded by the endorsee on the day of its endorsement. Hence it is payable to the endorsee on demand. *R. L.* 2013, changes the rule of the law merchant, and makes a promissory note payable on demand overdue in sixty days from its date, and a demand, within or at the end of such sixty days, made within a reasonable time. This note came into the hands of plaintiff's testator, a new party thereto, payable on his demand. We think, this provision of the statute, if not in terms, in spirit, applicable, and gave the testator the time therein prescribed, in which to make demand of payment. The only excuse now urged for failure to make demand within this time is that the note is payable "with interest annually." It is contended that this evidences that the original parties to the note contemplated that it might remain unpaid for more than a year. But this provision, if inserted by reason of such contemplation, did not vary the time stipulated in the note for its payment. The legal holder of the note could demand payment

immediately upon its execution, or at any subsequent time, and the makers were under a liability to answer the demand. The insertion of this clause relative to interest did not vary the character of the note in regard to its being payable on demand. On the facts, we think, the usual reasons for demand and notice, apply.

*The pro forma judgment of the County Court is reversed, and judgment rendered for the defendant to recover his costs.*